UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

A.Z.,

Petitioner,

v.

ERNESTO SANTACRUZ, JR., et al.,

Respondents.

No. 5:26-cv-06104-JDE

ORDER REGARDING PETITION

**I.**

**PROCEEDINGS**

On October 15, 2026, Anara Zholdosheva ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her arrest and detention by immigration authorities, seeking release or a new bond hearing, with "expedited consideration requested." Dkt. 1 ("Petition" or "Pet."). The Court finds the Petition may appropriately be decided without further briefing, grants Petitioner's request for expedited consideration, and, for the reasons discussed below, denies the Petition.

**II.**

**BACKGROUND**

Petitioner is a native and citizen Kyrgyzstan who was admitted to the

United States on an F-1 nonimmigrant student visa on September 16, 2021, but remained in the United States beyond the period authorized by her visa. Pet. at 3. In March 2022, Petitioner's F1 visa was terminated due to her failure to maintain a full course load. Id. ¶ 6. In August 2022, she filed an application for asylum and withholding of removal. Id. at 3. Then, on August 28, 2026, upon arriving at Los Angeles International Airport ("LAX") on a flight from Honolulu, Hawaii, Petitioner was arrested by immigration officials, who advised that a warrant for her arrest had been issued. Id. ¶ 12. She was then served with a Notice to Appear setting forth the grounds for her removability, that is, her having remained in the country longer than authorized and having failed to maintain student status. Id. ¶ 15. On September 25, 2026, she received a bond hearing at which an immigration judge ("IJ") denied bond, finding only, "flight risk." Id. at 3. Petitioner reserved her right to appeal the denial of bond to the Board of Immigration Appeal ("BIA"). Id., Exh. C at 3. She raises two grounds for relief, one challenging her seizure and continued detention under the Due Process Clause and one challenging her bond hearing under the Eighth Amendment. Id. at 3-4. She seeks immediate release or, in the alternative, a new custody redetermination hearing at which Respondents would bear the burden to justify detention by clear and convincing evidence. Id. at 4. She has been detained by ICE since her arrest. Id. at 3.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas

challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove [her] custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (as amended). Petitioner has failed to carry her burden to prove that her current custody violates her federal rights such that she is entitled to habeas relief.

As the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether Petitioner's arrest was procedurally defective, but whether [she] is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026).

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). In assessing claims asserting due process violations, courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function

involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

At the time of her detention at LAX on August 28, 2026, Petitioner had overstayed her visa by more than four years. She does not contend that she had been granted any parole or other formal release on conditions by the Department of Homeland Security at that time. At least one court, in assessing whether a liberty interest existed, distinguished between visa overstays "who had never been granted any form of parole," who, the court found, had "no such conditional liberty interest," from those who had been "released on parole." Jesus v. Santacruz, 2026 WL 1947628 (C.D. Cal. July 2, 2026) (dismissing petition, though noting that, although "due process might not require a pre-deprivation hearing," the petitioner may still be "entitled to a [post-detention] bond hearing.").

Considering the Mathews factors, the Court assumes a cognizable liberty interest existed. As to the second factor, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," Petitioner concedes that she was advised in writing of the basis for her removal proceedings and was provided a bond hearing before an IJ at which she was represented by counsel, had an opportunity to present evidence and arguments for release on bond, and after which she was provided, and still has, an opportunity to appeal an adverse finding by appeal to the BIA. Such procedures minimize the risk of an erroneous deprivation of liberty interests. Lastly, as to the third factor, though a government interest in detaining Petitioner without a bond hearing his low (see Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)), here, Petitioner has been provided a bond hearing; generally, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)).

The Court finds that the process Petitioner received post-deprivation was sufficient to protect her asserted liberty interest here. See Aguilar v. Semaia, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing); F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a likelihood of success on her due process claim where she was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208 (explaining that courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him").

Turning to Petitioner's challenge to the bond hearing that she received, as noted, she has reserved her right to appeal the adverse determination to the BIA, but apparently has not yet commenced such an appeal.

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the

petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Each of the prudential exhaustion factors weigh in favor of requiring full exhaustion. First, Petitioner challenges the IJ's denial of bond, claiming the IJ "never found that no bond amount or alternative condition could reasonably assure Petitioner's appearance, and never considered any." Pet. ¶ 58. But Petitioner, who was represented by counsel at the bond hearing, does not explain why those challenges, if warranted, cannot be addressed and corrected in the context of an appeal before the BIA, where the factual record can and should be properly developed. See Executive Office for Immigration Review, Part II - OCIJ Immigration Court Practice Manual, Chap. 8.3(e)(7) ("Usually,

the [IJ's] decision is rendered orally. If either party appeals, the [IJ] prepares a written decision based on notes from the hearing, however the record will not be transcribed.") available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm.

Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance.

Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

Further, Petitioner has not shown exhaustion should be waived here. That Petitioner purports to raise constitutional challenges to the bond hearing, such challenges do not compel a waiver of exhaustion because the BIA is "well-equipped" to consider challenges to the IJ's decision and may provide the relief Petitioner seeks. Kanar v. Semaia, 2026 WL 966569, at *4-5 (C.D. Cal. Apr. 7, 2026) (citation omitted). To the extent Petitioner argues the IJ failed to make "an individualized determination tied to the person before the court" and "never considered" whether alternative conditions could reasonably assure Petitioner's appearance, those are case-specific claims about the adequacy of one decision in one proceeding, exactly the type of claim the BIA is designed to review. See Liu v. Janecha, 2026 WL 2178768, at *4 (C.D. Cal. July 27, 2026).

Petitioner also has not shown she will suffer irreparable injury that she, in particular, will suffer by waiting for a BIA decision. "[I]f the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted 'irreparable injury' sufficient to excuse exhaustion, then it would be excused in every bond denial." Liu, 2026 WL 2178768, at *4. Excusing exhaustion on this basis "would cause the exception to swallow the rule." Yu v. Noem, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026),

adopted by 2026 WL 1188854 (E.D. Cal. Apr. 30, 2026). While the time needed to complete a BIA appeal may tip against enforcement of exhaustion in cases with evidence of irreparable injury that would result by such delay, time alone, without more, does not warrant waiving the exhaustion requirement in every case.

For the foregoing reasons, the Petition, to the extent it challenges Petitioner's arrest and current detention is denied with prejudice, not including future claims based on different circumstances, and to the extent it challenges the adequacy of Petitioner's bond hearing, it is denied without prejudice.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition with prejudice as to Petitioner's challenge to her detention and without prejudice as to Petitioner's challenge to the sufficiency of her bond hearing.

Dated: October 16, 2026____

JOHN D. EARLY
United States Magistrate Judge